**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICHARD KEITH, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | **Case No.** |
| v. | ) | **Judge:** |
| TACO BELL CORP.; TACO BELL OF AMERICA, LLC; TAYLOR FRESH FOODS, INC.; and TAYLOR FARMS CALIFORNIA, INC., | ) | **JURY DEMAND** |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Richard Keith ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Taco Bell Corp.; Taco Bell of America, LLC (collectively "Taco Bell"); Taylor Fresh Foods, Inc.; and Taylor Farms California, Inc. (collectively as "Taylor Farms.") (and all together, "Defendants"), and alleges the following upon personal knowledge as to his own acts and experiences and upon information and belief as to all other matters.

## I. NATURE OF THE ACTION

**1.** This is an economic-loss case, not a personal-injury case. Plaintiff does not seek recovery for bodily injury. Plaintiff seeks, on behalf of himself and the Class, the loss of the benefit of the bargain for food they would not have purchased or would have paid less for had Defendants disclosed that the lettuce was contaminated and could not lawfully be sold. The injury occurred at the point of sale.

**2.** Taco Bell is one of the largest quick-service restaurant chains in the United States. The Taylor Farms entities, through their affiliated foreign entity Taylor Farms de Mexico, are major suppliers of fresh produce, including shredded iceberg lettuce, to Taco Bell and other foodservice and retail customers across the country.

**3.** According to FDA and CDC outbreak investigation updates, in July 2026, federal and state public-health authorities announced an investigation into a large multistate outbreak of Cyclospora infections linked to shredded iceberg lettuce distributed by Taylor Farms through Taylor Farms de Mexico and served at Taco Bell restaurant locations.

**4.** According to the FDA's recall and outbreak updates, on July 17, 2026, Taylor Fresh Foods, Inc. initiated a voluntary recall of iceberg lettuce sourced from central Mexico and distributed to the U.S. market.

**5.** Plaintiff and members of the putative Class purchased Taco Bell menu items containing shredded iceberg lettuce distributed by Taylor Farms and sourced from Taylor Farms de Mexico during the Class Period. The lettuce was contaminated with Cyclospora.

**6.** Plaintiff and the Class suffered economic injury, the loss of the benefit of the bargain, because they did not receive safe, wholesome, fit-for-consumption food. Reported illnesses and symptoms, including those experienced by Plaintiff, are alleged only as evidence of contamination and unfitness, not as recoverable damages.

**7.** Plaintiff seeks to represent a nationwide class of all consumers who purchased "Affected Products" at Taco Bell containing shredded iceberg lettuce distributed by Taylor Farms and sourced from Taylor Farms de Mexico during the Class Period, as well as an Illinois Subclass of such consumers who purchased in the State of Illinois.

## II. JURISDICTION AND VENUE

**8.** This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because: (a) there are more than 100 members of the proposed Class; (b) there is minimal diversity of citizenship because Plaintiff is a citizen of the State of Illinois; Taco Bell Corp. is a citizen of California because it is a California corporation with its principal place of business in California; Taco Bell of America, LLC is a citizen of Delaware and California because it is a limited liability company organized under Delaware law with its principal place of business is in California; Taylor Fresh Foods, Inc. and Taylor Farms California, Inc. are both Delaware corporations with their principal place of business in California, and thus are citizens of Delaware and California; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**9.** This Court has personal jurisdiction over all Defendants because they transact business in Illinois and distributed or sold the products at issue in Illinois, establishing sufficient minimum contacts with this forum.

**10.** Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Richard Keith resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Those events include Plaintiff Keith's purchase and consumption of affected products from the Taco Bell restaurant located at 1261 Engineer Rd, Granite City, Illinois 62040 within the Southern District of Illinois.

## III. PARTIES

### A. <u>Plaintiff</u>

**11.** Plaintiff Richard Keith is an individual and citizen of the State of Illinois, residing in Granite City, Illinois, in Madison County, within the Southern District of Illinois. On or about

June 30, 2026, during the Class Period, he purchased and paid for two Spicy Potato Soft Tacos containing shredded iceberg lettuce at the Taco Bell located at 1261 Engineer Rd, Granite City, Illinois 62040. Mr. Keith would not have purchased the products, or would not have paid the price paid, had he known the lettuce was contaminated with Cyclospora and could not lawfully be sold for human consumption. He suffered economic injury as a direct and proximate result of Defendants' conduct. After consuming the products, he experienced illness consistent with cyclosporiasis and called his local hospital emergency room.

**B. <u>Defendants</u>**

**12.** Defendant Taco Bell Corp. is a corporation organized under the laws of California with its principal place of business at 1 Glen Bell Way, Irvine, California. Taco Bell Corp. is a subsidiary of Yum! Brands, Inc. Together with Taco Bell of America, LLC, it operates, supports, and franchises Taco Bell restaurants nationwide, including in Illinois and this District. Taco Bell Corp. manufactured, prepared, marketed, distributed, and sold the Spicy Potato Soft Taco, Crunchy Tacos, and other menu items containing shredded iceberg lettuce to Plaintiff and members of the Class.

**13.** Defendant Taco Bell of America, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 1 Glen Bell Way, Irvine, California. Its sole member is Yum! Brands, Inc., a California corporation and citizen. Taco Bell of America, LLC engages in operating, supporting, and franchising Taco Bell restaurants nationwide, including in Illinois, and participated in the sale, preparation, support, and/or distribution of Taco Bell menu items containing shredded iceberg lettuce to Plaintiff and Class Members.

**14.** Upon information and belief, at all times material to this Complaint, Taco Bell Corp and Taco Bell of America, LLC owned and/or operated and/or franchised Taco Bell restaurants throughout the United States including the Taco Bell restaurant located at 1261 Engineer Rd, Granite City, Illinois 62040, where it manufactured, prepared, and sold the affected food products described herein.

**15.** Defendant Taylor Fresh Foods, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 150 Main Street, Suite 400, Salinas, California. Taylor Fresh Foods, Inc. is the primary, named U.S. supplier defendant and the entity that initiated the voluntary recall and issued the formal recall notice for the contaminated lettuce. Taylor Fresh Foods, Inc. distributed fresh produce, including shredded iceberg lettuce, nationwide, including into Illinois. Taylor Farms de Mexico, of Guanajuato, Mexico, is the affiliated foreign grower and processor identified by the FDA's traceback investigation as the source of the contaminated shredded iceberg lettuce. Plaintiff reserves the right to add and serve Taylor Farms de Mexico if appropriate.

**16.** Defendant Taylor Farms California, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 150 Main Street, Suite 500, Salinas, California. Taylor Farms California, Inc., acting alone or jointly with Taylor Fresh Foods, Inc., grew, processed, packaged, supplied, and distributed the iceberg lettuce delivered to Taco Bell restaurants, including the shredded iceberg lettuce incorporated into menu items purchased by Plaintiff and Class Members.

**17.** At all relevant times, Defendants were engaged in the business of manufacturing, processing, growing, packaging, distributing, marketing, supporting, and/or selling food products, including shredded iceberg lettuce and menu items containing such lettuce, to consumers throughout the United States, including in Illinois and this District.

## IV. FACTUAL BACKGROUND

### A. The Cyclospora Outbreak and FDA Investigation

**18.** Cyclospora cayetanensis is a microscopic parasite that causes an intestinal infection known as cyclosporiasis; it is transmitted through food or water contaminated with feces, not directly from person to person. Symptoms include watery diarrhea and other gastrointestinal symptoms that can be prolonged or relapsing.

**19.** According to FDA and CDC outbreak investigation updates, federal and state public-health authorities are investigating a multistate outbreak of Cyclospora infections linked to shredded iceberg lettuce sourced from central Mexico and served at Taco Bell locations. The FDA's July 16, 2026 update reported that approximately 90% of interviewed Taco Bell cases reported eating iceberg lettuce.

**20.** According to the FDA's July 17, 2026 traceback update, the investigation converged on a single foreign supplier, Taylor Farms de Mexico, located in Guanajuato, Mexico, which provided the shredded iceberg lettuce served at Taco Bell locations where sick people ate before becoming ill.

**21.** According to the FDA's recall and outbreak updates, on July 17, 2026, Taylor Fresh Foods, Inc. initiated a voluntary recall of all iceberg lettuce sourced from central Mexico that it had distributed to the U.S. market.

**22.** According to the FDA and CDC's August 20, 2026 update, the outbreak included 10,930 reported illnesses across 17 states, 454 hospitalizations, and 2 deaths; the last illness onset was August 11, 2026.

**23.** According to the FDA's distribution updates, recalled product was distributed in various States, including Illinois, and Illinois consumers reported illness after consuming contaminated lettuce at Taco Bell locations in Illinois.

**24.** The FDA initiated onsite inspections and sampling at iceberg lettuce growers in Mexico in coordination with Mexican officials.

### B. Taylor Farms' Prior Outbreak History, Notice, and Duty

**25.** Public-health authorities previously linked Taylor Farms produce to two outbreaks: a 2013 multistate cyclosporiasis outbreak linked to Taylor Farms salad mix that sickened hundreds of people, and an October 2024 E. coli outbreak linked to slivered/yellow onions Taylor Fresh Foods, Inc. (d/b/a Taylor Farms) supplied to McDonald's. Taylor Farms recalled the onions on October 25, 2024; that outbreak caused more than 100 illnesses, dozens of hospitalizations, and one death.

**26.** Those outbreaks placed Taylor Fresh Foods, Inc. and its affiliated supplier entities, including Taylor Farms California, Inc. and Taylor Farms de Mexico, on notice, through their supply-chain roles, of the risk of parasitic and bacterial contamination in their produce supply chain. That notice gave rise to and heightened Defendants' duty to implement reasonable sourcing, testing, inspection, traceability, supplier-oversight, and sanitation controls, and the Taco Bell entities had a corresponding duty to use reasonable care in supplier oversight, testing, inspection, and food-safety protocols before serving menu items containing the lettuce.

**27.** Despite that notice and those duties, Defendants continued to supply, prepare, and sell menu items containing the lettuce without adequate controls sufficient to prevent contaminated lettuce from reaching consumers.

### C. Adulteration, Recall, and Economic Injury

**28.** Plaintiff and members of the Class purchased Taco Bell menu items containing shredded iceberg lettuce during the Class Period for the ordinary purpose of human consumption and paid the purchase price charged. They were entitled to receive food that was safe, wholesome, fit for human consumption, and free from dangerous parasitic contamination.

**29.** According to the FDA and CDC's outbreak investigation updates, the lettuce incorporated into the Taco Bell menu items purchased by Plaintiff and Class Members was contaminated with Cyclospora. Under Illinois food-safety law, including the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620, food that bears or contains a poisonous or deleterious substance or was prepared, packed, or held under insanitary conditions whereby it may have become contaminated is adulterated. The contaminated lettuce and menu items were therefore adulterated and unfit for safe human consumption, could not lawfully be sold as human food, and had no lawful market value as human food at the point of sale.

**30.** Because the lettuce was contaminated and adulterated, the menu items were worthless as human food or, at a minimum, worth substantially less than the price paid at the point of sale, regardless of whether a particular purchaser became ill. Every purchaser therefore suffered the same economic injury, the loss of the benefit of the bargain, at the point of sale.

**31.** According to the FDA's recall and outbreak updates, the July 17 voluntary recall addressed unsold inventory still in Defendants' possession or in transit; it did not reach prepared menu items that consumers had already purchased or remedy the resulting economic injury, which was complete at the point of sale. Those purchasers had no recalled package to return, no proof of purchase identifying the lettuce as an ingredient, and no location to obtain a refund for a meal already consumed. Defendants offered no refund or price adjustment for those purchases and retained the sales revenue.

## V. CLASS ALLEGATIONS

**32.** Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and pursuant to Rule 23(b)(2) only to the extent he seeks prospective injunctive relief under the ICFA unfairness claim.

**33.** The proposed Class and Illinois Subclass are defined as follows:

> **Nationwide Class:** All persons in the United States who, during the Class Period, purchased one or more Affected Products (the "Class" or "Nationwide Class").
>
> **Illinois Subclass:** All persons who, during the Class Period, purchased one or more Affected Products in the State of Illinois (the "Illinois Subclass").

**34.** The "Class Period" means the period commencing no later than on or about May 1, 2026, and continuing through the date of final judgment.

**35.** "Affected Products" means: food and menu items sold at Taco Bell restaurants that contained shredded iceberg lettuce supplied by Taylor Farms (Taylor Fresh Foods, Inc. and/or Taylor Farms California, Inc.) and sourced from Taylor Farms de Mexico that was subject to the July 17, 2026 recall or removal.

**36.** Excluded from the Class and Illinois Subclass are: (a) Defendants, their officers, directors, employees, agents, and affiliates; (b) any entity in which a Defendant has a controlling interest; (c) Defendants' legal representatives, assigns, and successors; and (d) the Judge to whom this case is assigned and any member of the Judge's staff and immediate family.

**37.** Plaintiff reserves the right to modify, change, or expand the definitions of the proposed Classes based upon discovery and further investigation.

**38.** **Numerosity:** Upon information and belief, the Class and Illinois Subclass each consist of thousands of members, making joinder of all members impracticable. Membership is ascertainable from Defendants' sales, distribution, and recall records. The large multistate outbreak further reflects the scale of the affected transactions.

**39.** **Commonality:** There are questions of law and fact common to the Class and Illinois Subclass, including:

(a) Whether the Affected Products purchased by Class Members was contaminated with Cyclospora;

(b) Whether that contamination rendered the Affected Products adulterated, unmerchantable, unfit for human consumption, and worthless or worth substantially less than the price paid;

(c) Whether Defendants' sales of the Affected Products gave rise to implied warranties of merchantability and fitness for a particular purpose;

(d) Whether Defendants' sale of the Affected Products was unfair under the ICFA's independent unfairness branch;

(e) Whether Defendants were unjustly enriched by retaining the purchase price for the Affected Products;

(f) Whether Class Members suffered a common economic injury and the proper measure of economic-loss damages, including purchase price and/or diminution in value;

(g) Whether Defendants failed to use reasonable care in sourcing, processing, distributing, preparing, and selling the lettuce and lettuce-containing Affected Products, and whether any applicable food-safety violation constitutes negligence per se where permitted by law.

**40.** **Typicality:** Plaintiff Keith, like all Class Members, purchased Taco Bell menu items containing shredded iceberg lettuce distributed by Taylor Farms and sourced from Taylor Farms de Mexico during the Class Period. Plaintiff's claims arise from the same contaminated products and course of conduct by Defendants, are based on the same warranty, unfairness, restitutionary, and negligence theories, and seek the same economic relief as the claims of other Class Members.

**41.** **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to or in conflict with the interests of other Class Members.

Plaintiff has retained counsel experienced in prosecuting complex consumer class actions, who will adequately represent the interests of the Class.

**42.** **Predominance**: Common questions about contamination, adulteration, unmerchantability, unfairness, unjust enrichment, and the measure of economic loss predominate over any individual questions. Individual illness and medical questions are not elements of the Class claims.

**43.** **Superiority:** A class action is superior because individual economic claims are small and individual litigation is impracticable. Class treatment promotes efficient resolution in one forum and avoids duplicative effort and inconsistent adjudications.

**44.** To the extent the Court finds that individual issues preclude certification of the claims as a whole, Plaintiffs seek certification under Rule 23(c)(4) of particular common issues, including: (i) whether the Affected Products were contaminated with Cyclospora; (ii) whether they were adulterated and could not lawfully be sold; (iii) whether they were unmerchantable and unfit for human consumption; (iv) whether Defendants' sale of the Affected Products was unfair under the ICFA; and (v) whether Defendants were unjustly enriched.

## VI. CLAIMS FOR RELIEF

### COUNT I

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(On Behalf of Plaintiff, the Class, and the Illinois Subclass)

**45.** Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

**46.** Taco Bell and Taylor Farms were merchants with respect to the food products at issue. Under the Uniform Commercial Code and applicable law, including 810 ILCS 5/2-314, the

sale of food carries an implied warranty that the goods are of merchantable quality and fit for their ordinary purpose of human consumption.

**47.** Taco Bell sold the menu items directly to Plaintiff and the Class, establishing direct privity with Taco Bell. The Taylor Farms supplier entities supplied the lettuce intending that it reach consumers through Taco Bell's menu items, making Plaintiff and Class Members intended beneficiaries; any vertical-privity requirement as to those entities is satisfied or excused under applicable Illinois law.

**48.** The implied warranty was breached because, as alleged above, the contaminated lettuce and menu items containing it were adulterated and unfit for safe human consumption.

**49.** As a direct and proximate result of the breach, Plaintiff and the Class suffered economic loss measured by the purchase price paid and/or the diminution in value of the contaminated products. Plaintiff and the Class seek the remedies available for breach of the implied warranty of merchantability, including fees and costs where permitted by law.

**COUNT II**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

*(On Behalf of Plaintiff, the Class, and the Illinois Subclass)*

**50.** Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

**51.** At the time of sale, Defendants knew or had reason to know that Plaintiff and Class Members purchased the menu items for the particular purpose of immediate human consumption as ready-to-eat food and relied on Defendants' skill and judgment to select, source, and provide food fit for that purpose.

**52.** Under 810 ILCS 5/2-315, the sale carried an implied warranty that the lettuce and menu items would be fit for that particular purpose. The warranty was breached because, as alleged above, the products were contaminated with Cyclospora and unsafe for human consumption.

**53.** Plaintiff incorporates by reference the privity allegation in Count I paragraph 47.

**54.** As a direct and proximate result of the breach, Plaintiff and the Class suffered economic loss measured by the purchase price paid and/or the diminution in value of the contaminated products.

**COUNT III**

**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/2 — UNFAIRNESS)**
(On Behalf of Plaintiff, the Class, and the Illinois Subclass)

**55.** Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

**56.** The Illinois Consumer Fraud and Deceptive Business Practices Act (“ICFA"), 815 ILCS 505/2, prohibits unfair or deceptive practices in trade or commerce. Defendants are “persons” within the meaning of 815 ILCS 505/1(c), and their manufacture, distribution, preparation, and sale of the contaminated menu items occurred in trade or commerce. Plaintiff brings this Count under the ICFA’s unfairness branch.

**57.** Defendants’ sale of Cyclospora-contaminated food was unfair because it placed adulterated food into commerce, caused substantial consumer injury, and left consumers without a reasonable way to detect or avoid the contamination before purchase. The conduct offended the public policy embodied in Illinois food-safety law, was immoral, unethical, oppressive, or unscrupulous, and caused injury that consumers could not reasonably avoid and that was not outweighed by countervailing benefits to consumers or competition.

**58.** Plaintiff incorporates by reference paragraph 29; the contaminated lettuce and menu items were adulterated and could not lawfully be sold as human food, as alleged above.

**59.** As a direct and proximate result of Defendants' unfair practices, Plaintiff, the Class, and the Illinois Subclass suffered economic loss measured by the purchase price paid and/or diminution in value. Under 815 ILCS 505/10a, Plaintiff seeks actual economic damages, statutory damages to the extent available, attorneys' fees and costs, and punitive damages only to the extent authorized for a willful ICFA violation, based on the prior contamination notice and failure to maintain reasonable controls alleged above.

**60.** Plaintiff, the Class, and the Illinois Subclass also seek prospective injunctive relief under the ICFA unfairness branch requiring Defendants to implement and maintain an adequate supplier-sourcing, inspection, testing, and monitoring system to detect and prevent Cyclospora and other contamination before sale. Any Rule 23(b)(2) relief is limited to this prospective relief.

## COUNT IV

## UNJUST ENRICHMENT

(On Behalf of Plaintiff, the Class, and the Illinois Subclass)

**61.** Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

**62.** Plaintiff and the Class conferred a monetary benefit on Defendants by paying the purchase prices charged for Taco Bell menu items containing shredded iceberg lettuce.

**63.** Defendants accepted and retained that benefit while selling menu items containing lettuce contaminated with Cyclospora and unfit for human consumption.

**64.** It would be unjust and inequitable for Defendants to retain the purchase price for food that was contaminated and unfit for human consumption.

**65.** As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class are entitled to restitution of amounts paid and other economic relief measured by the purchase price and/or diminution in value, to the extent permitted by law.

## COUNT V

## NEGLIGENCE AND NEGLIGENCE PER SE

(On Behalf of Plaintiff, the Nationwide Class, and the Illinois Subclass; Pleaded in the Alternative to Counts I–IV)

**66.** Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

**67.** Plaintiff pleads this Count in the alternative to Counts I through IV, including the claims for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and unjust enrichment.

**68.** Defendants owed Plaintiff, the Class, and the Illinois Subclass a duty to exercise reasonable care in sourcing, growing, processing, testing, inspecting, manufacturing, packaging, storing, distributing, preparing, and selling food intended for human consumption. The duty arose independently of any contract under applicable food-safety law and included the duty not to place adulterated or unsafe food into commerce.

**69.** The Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 331 and § 342, and the parallel food-safety statutes and regulations of the states in which Class members purchased the Affected Products, were enacted to protect consumers from contaminated food. Plaintiff, the Class, and the Illinois Subclass are within the class of persons those provisions were intended to protect, and the harm alleged is of the type those provisions were intended to prevent. Defendants'

violations constitute negligence per se where permitted by applicable law; alternatively, they are evidence of negligence.

**70.** Defendants breached those duties by, among other things: (a) failing to implement and maintain reasonable controls to prevent Cyclospora contamination; (b) failing adequately to inspect, test, monitor, and trace the lettuce and its supply chain; (c) failing to ensure sanitary growing, processing, packing, storage, and distribution conditions; (d) selling and serving adulterated lettuce; and (e) failing timely to remove the contaminated lettuce and menu items from commerce.

**71.** Plaintiff incorporates the prior-outbreak, notice, and duty allegations in paragraphs 25 through 27.

**72.** Defendants' negligence and negligence per se caused Plaintiff, the Class, and the Illinois Subclass to receive contaminated food, and suffer ascertainable economic loss measured by the purchase price paid and/or the difference between the price paid and the value received. Plaintiff seeks the economic relief available under applicable law.

## VII. PRAYER FOR RELIEF

**73.** **WHEREFORE,** Plaintiff Richard Keith on behalf of the Class and Illinois Subclass, respectfully requests that this Court enter judgment against Defendants and grant the following relief:

A. An order certifying the Nationwide Class and Illinois Subclass as defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel pursuant to Rule 23, with certification under Rule 23(b)(3) for the economic-loss claims and under Rule 23(b)(2) only to the extent prospective injunctive relief is sought under the ICFA unfairness claim;

B. An award to Plaintiff and the Class of actual and compensatory economic damages for the loss of the benefit of the bargain, including the purchase price paid and/or

diminution in value of the contaminated and adulterated products, in an amount to be determined at trial;

C. An award to the Illinois Subclass of statutory damages under the ICFA, to the extent available, and punitive damages only to the extent authorized based on a willful ICFA violation, with all class monetary relief limited to economic loss;

D. An award to the Class and Illinois Subclass of restitution and disgorgement of the purchase price paid for the contaminated products, limited to economic loss;

E. Prospective injunctive relief under the ICFA unfairness claim, including an order requiring Defendants to design, implement, and maintain an adequate supplier-sourcing, inspection, testing, and monitoring system to detect and prevent Cyclospora and other contamination before sale, including regular inspection and testing of fresh produce and monitoring of supplier compliance;

F. An award of reasonable attorneys' fees and costs of suit;

G. Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

H. Such other and further relief as this Court deems just and proper.

## VIII. JURY DEMAND

**74.** Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 28, 2026

By: /s/ Theodore B. Bell__________
Theodore B. Bell
Jason P. Sultzer*
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Telephone: 845-483-7100
bellt@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

James Ferraro, Jr.*
**THE FERRARO LAW FIRM, P.A.**
600 Brickell Avenue, Suite 3800
Miami, Florida 33131
Telephone: (305) 375-0111
james@ferrarolaw.com

*Counsel for Plaintiff and the Proposed Class*

* *pro hac vice forthcoming*